IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OSTAP KAPELIOUJNYI,

        Plaintiff,

v.                                          CIV 09-0866-LH-GBW

L. VAUGHN, as Warden and in his
individual capacity, B. JUDD, as Assistant
Warden "Acting Chaplain" and in her
individual capacity, CORRECTIONS
CORPORATION OF AMERICA, CCA,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants' Motion to Dismiss, filed on September 15, 2009 (*Doc. 4*), and Plaintiff Kapelioujnyi's Motion to Remand, filed on September 16, 2009 (*Doc. 6*). The Court, having reviewed the briefs, relevant law, and otherwise being fully advised, recommends that Defendants' Motion to Dismiss be denied and Plaintiff's Motion for Remand be denied for the reasons described herein.

### BACKGROUND

Plaintiff is a federal inmate currently incarcerated at Cibola County Correctional Center ("Cibola") in Milan, New Mexico, which is a private prison operated by Corrections Corporation of America ("CCA"). *See Doc. 1.* On June 18, 2009, Plaintiff filed a Complaint

1

against Defendants in the Thirteenth Judicial District Court, County of Cibola, State of New Mexico, Cause No. CV2009-0157.  *Id.*  His complaint alleges violations his First and Fourteenth Amendment rights under the United States Constitution, violations of Sections 5, 11, and 18 of the New Mexico Constitution, violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-1, and tort claims based upon negligence under New Mexico state law.  *Id.*  Plaintiff clarifies in his Motion to Remand that his claims against CCA are limited to the state tort law clauses of action.[1]  *Doc. 6* at 2.

On September 9, 2009, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1131 and 1441(b).  *Doc. 1.*  Then on September 9, 2009, Defendants filed a Motion to Dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6).  *Doc. 4.*  The following day, on September 16, 2009, Mr. Kapelioujnyi filed a Motion to Remand to State Court.  *Doc. 6.*  I will begin by analyzing Defendants' Motion to Dismiss.

MOTION TO DISMISS

In their Motion to Dismiss, Defendants seek to dismiss only some of Plaintiff's claims.  Specifically, they seek to dismiss the (1) Fourteenth Amendment claim, (2) RLUIPA

---

[1]  Given this clarification and the undersigned's conclusion that Plaintiff has failed to allege sufficient facts to maintain a 1983 action against Defendant CCA, I recommend explicitly dismissing all other claims against Defendant CCA which may appear to be included in the original Complaint.

claim, and (3) the tort claims based on negligence.  *Doc. 4.*  Defendants do not seek to dismiss Plaintiff's First Amendment claim or his claims under the New Mexico state constitution.  *Id.*

Defendants' arguments with respect to the Fourteenth Amendment and the RLUIPA claims are grounded in the contention that, because Plaintiff is a federal inmate, the defendants were acting under color of federal law and not under color of state law.  *Id.* at 2-4.  Plaintiff, in his Response, asks the Court to construe his Fourteenth Amendment claim as a claim made under the Fifth Amendment, and his RLUIPA claim as a claim made under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1(b).  *Doc. 7* at 4-5.

With respect to the negligence claims, Defendants argue that the Complaint does not contain the facts necessary to support his claims against Defendants.  *Doc. 4* at 4-5.  Unsurprisingly, Plaintiff disputes this contention.  *Doc. 7* at 2-4.

### Standard of Review for Motion to Dismiss

In order to withstand a motion to dismiss made pursuant to FED. R. CIV. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has stated that

"plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S.

at 570) (internal citations omitted).

The Supreme Court has recently expounded upon the meaning of *Twombly*:

Two working principles underlie [the] decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (citation omitted). The Supreme Court has

also commented that

[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Id.* at 1950.

Additionally, because Plaintiff appears in this case *pro se*, the Court construes his

pleadings and submissions liberally, holding them to a less stringent standard than is

required of a party represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-521

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[The] court, however, will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal

theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)

(citing *Hall*, 935 F.2d at 1110).

The Tenth Circuit has interpreted this rule to mean, "if the court can reasonably read

the pleadings to state a valid claim on which the plaintiff could prevail, it should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements."  *Hall*, 935 F.2d at 1110.  The characterization of the action and the claim for

relief by a pro se litigant is not dispositive on the availability of relief in federal court.

*Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992).

<u>Analysis of Motion to Dismiss Fourteenth Amendment Claim</u>

Defendants correctly contend that the Fourteenth Amendment does not apply to

federal actors.  *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S.

522, 542 n.21 (1987).  Therefore, they reason, "because Plaintiff is a federal inmate," the

prison officials he is suing are federal actors not subject to the Fourteenth Amendment.

It is true that Plaintiff asserts in the Complaint that "[a]ll Defendants named ...

have acted and continue to act under color of federal law."  *Doc. 1, Ex. A* at 3.  However,

"although for the purposes of a motion to dismiss [the court] must take all of the factual

allegations in the complaint as true, [the court is] "not bound to accept as true a legal

conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-50 (quoting

*Twombly*, 550 U.S. at 555).  Plaintiff's assertion that Defendants were acting under color

of federal law is just such a legal conclusion that need not be accepted as true.  As

discussed further below, it is not clear at this time whether Defendants should be

considered "federal actors" or "state actors."  Therefore, I do not recommend

dismissing Plaintiff's Fourteenth Amendment claim in its entirety.

    However, the breadth of claims which can fall within the "Fourteenth

Amendment" counsels the court to make clear what type of Fourteenth Amendment

claim is permitted to proceed.  Plaintiff's claim is straightforward: he wishes to practice

the Jewish faith in part by partaking in a kosher diet which Defendants have failed to

provide him.  This claim is fundamentally a First Amendment claim.  If Defendants are

later found to be state actors, the Fourteenth Amendment, which makes the First

Amendment applicable to the states, would be relevant.  *See United Mine Workers v.*

*Illinois State Bar Assoc.*, 389 U.S. 317, 322 n.4 (1967).  Plaintiff has made no factual

allegations that otherwise implicate the Fourteenth Amendment.[2]  Consequently, to the

---

    [2] In his Response to the Motion to Dismiss, Plaintiff states that he "alleges [a]
Fourteenth Amendment equal protection clause violation."  *Doc. 7* at 4.  However, a
review of the Complaint shows no such claim.  Even assuming such a claim is contained
in the Complaint, Plaintiff certainly failed to allege any facts indicating that Defendants
treated similarly-situated groups differently.  Thus, he has made no viable equal
protection claim.  This fact renders moot his request that the Court construe his

(continued...)

extent that the Plaintiff intended to make a Fourteenth Amendment claim beyond the

incorporation of the First Amendment, those claims should be dismissed.

<u>Analysis of Motion to Dismiss RLUIPA Claim</u>

A cause of action under RLUIPA is limited to actions of a "government," defined

as "(I) a State, county municipality, or other governmental entity created under the

authority of a State; (ii) any branch, department, agency, instrumentality, or official of

an entity listed in clause (I); and, (iii) any other person acting under color of State law."

See 42 U.S.C. § 2000cc-5(4)(A).  Defendants argue that, "because Plaintiff is a federal

inmate," the prison officials he is suing are not acting under color of state law.  In

response, Plaintiff, who asserts in the Complaint that "[a]ll Defendants named ... have

acted and continue to act under color of federal law," asks the court to construe his

RLUIPA claim as a RFRA claim if appropriate.  *Doc. 7* at 5.

As noted above, Plaintiff's legal conclusion that Defendants were acting under

color of federal law need not be accepted as true.  So, even though the Plaintiff has

made that allegation and Defendants have seized upon it, the court will independently

evaluate the issue.

The facts surrounding Plaintiff's incarceration, as gleaned from the factual

allegations in the pleadings, make this a difficult issue.  Plaintiff is in the legal custody

---

[2](...continued)
Fourteenth Amendment equal protection claim as a Fifth Amendment equal protection
claim.  *See Doc. 7* at 4-5.

of the federal Bureau of Prisons (BOP). *Doc. 1, Ex. A* at 2-3. However, BOP has

contracted with a private corporation, Defendant Corrections Corporations of America

(CCA), to house Plaintiff. *Id.* CCA is currently housing Plaintiff at the Cibola County

Correctional Center which is one of its many private prison facilities. *Id.* Whether the

location at which Plaintiff is housed is decided at the discretion of CCA or a term of the

contract between CCA and BOP is unknown at this time. So, the question that arises

from this arrangement is whether CCA and its employees are acting under color of state

or federal law.

At first glance, the simple fact that Plaintiff is a federal inmate would appear to

resolve the issue. A number of courts have indeed taken this very perspective. *See*

*Burke v. Corrections Corporation of America*, 2009 WL 1631579, *2 (D.Kan. 2009); *Benson v.*

*Corrections Corporation of America*, 2009 WL 2461016, *2 (N.D.Ohio 2009); *Gonzalez-*

*Jarquin v. Corrections Corporation of America*, 2008 WL 3285764, *1 n.1 (S.D.Ga. 2008);

*Winzer v. Wackenhut Corrections Corporation*, 2006 WL 903581, *2 (E.D.Cal. 2006); *Sarro v.*

*Cornell Corrections, Inc.*, 248 F.Supp.2d 52, 61 (D.R.I. 2003). These courts, when they

have explained their analysis, reason that "maintaining custody of federal prisoners is

neither a power 'possessed by virtue of *state* law' nor one that has been 'traditionally

exclusively reserved to the state.' The authority to maintain custody of federal

prisoners is one created by federal law and reserved solely to the federal government."

*Gonzalez*, 2008 WL 3285764, *1 n.1 (emphasis in original) (citations omitted).

8

Other courts, however, have refused to give controlling effect to the underlying nature, federal or state, of the violation which led to the prisoner's incarceration.  In cases where the prisoner was being held due to violations of federal law, but housed by a private or state prison pursuant to a contract with a federal agency, some courts have held that the private or state prison was acting under color of state law.  *See Henderson v. Thrower*, 497 F.2d 125, 126 (5th Cir. 1974); *Lacedra v. Donald Wyatt Detention Facility*, 334 F.Supp.2d 114, 140-41 (D.R.I. 2004); *Jarno v. Lewis*, 256 F.Supp.2d 499, 502-03 (E.D.Va. 2003); *Jones v. Green*, 2006 WL 3677934, *2 (D.N.J. 2006).  In *Lacedra*, for example, the court found that the privately-run prison still "trace[d] their [authority to engage in the] traditional public function of prison operations" back to the state.  334 F.Supp.2d at 140-41.  Because the prison officials derived their authority to operate the prison from state rather than federal law, the court held that they were operating under color of state law. *Id.*  In *Lacedra*, the court concluded that the "fact that Plaintiff was placed at the [facility] by the U.S. Marshal[3] ... does not change this undeniable fact."

In *Jarno,* the plaintiff was an immigration detainee held exclusively under federal law but incarcerated by a "state-established prison authority ... pursuant to a contract with the federal government."  256 F.Supp.2d at 500-04.  To determine whether the jail officials were acting under state or federal law, the *Jarno* court focused "not on the

---

[3]  It is also notable that, at the facility in *Lacedra*, the majority of inmates were federal pretrial detainees.  *Id.* at 121.

particular circumstances which brought the plaintiff under state control, but rather on the fact of that control and the manner of its exercise." *Id.* at 502 (*quoting Henderson*, 497 F.2d at 125-26). The *Jarno* court considered it crucial whether the contract under which the prisoner was held authorized federal interference with the operation of the jail. *Id.* at 502-03. If so, then the officials might be considered to be acting under color of federal law. *Id.* If not, then they would likely be acting under color of state law. *Id.* Because, as in the instant case, the defendant did not "allege[] that the federal contract specified how [the prison]  was to supervise its guards," the plaintiff's §1983 claim would survive a motion to dismiss. *Id.*

At this time, without any information regarding the contractual relationship between CCA and BOP or any information about the legal authority under which CCA operates, it would be premature to dismiss the RLUIPA claim. In short, Plaintiff's Complaint contains "enough facts to state a claim to relief under RLUIPA that is plausible on its face." *Twombly*, 550 U.S. at 569. Consequently, I recommend denying the Motion to Dismiss the RLUIPA claim.

Moreover, Plaintiff has requested that the court construe his Complaint as being brought under RFRA if that would be appropriate. *Doc. 7* at 4-5. It is well-established that the "characterization of the action and the claim for relief by a *pro se* litigant is not dispositive on the availability of relief in federal court." *Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992). RFRA generally brings the standards of

RLUIPA to bear on individuals acting under color of federal law. *See Kikimura v. Hurley*, 242 F.3d 950, 958-62 (10th Cir. 2001). Due to the factual and legal uncertainties discussed above, Plaintiff's Complaint also contains "enough facts to state a claim to relief under RFRA that is plausible on its face." *Twombly*, 550 U.S. at 569. Consequently, I recommend construing Plaintiff's Complaint as bringing a RFRA claim in the alternative to his RLUIPA claim.

<u>Analysis of Motion to Dismiss Negligence Claims</u>

In his Complaint, Plaintiff alleges that Defendants Vaughn and Judd are liable based upon a theory of negligence and that CCA is liable based upon theories of negligent supervision and respondeat superior. *Doc. 1, Ex. A.* Defendants claim that his Complaint fails to set forth the requisite factual background to support these claims as required by *Iqbal.* I disagree.

In his Complaint, Mr. Kapelioujnyi alleges that upon arrival at Cibola, he immediately requested to be provided with an adequate diet, consistent with his sincerely held religious beliefs. *Doc. 1* at 4. He further alleges that these requests have been ignored and that his inability to consume kosher food has pressured him to modify his behavior. *Id.* at 6. He explains what food is available, how that food is not in compliance with Jewish dietary laws, and that no "sack dinners" are available for fasting periods. *Id.* at 3-5.

He further contends that Defendants Vaughn and Judd owed him a duty of care

and that the duty of care was breached when they refused to acknowledge any of his

requests.  *Id.*  Additionally, he states that CCA is responsible for supervising Defendant

Vaughn and Judd's behavior, and that they were negligent in doing so.  *Id.* at 7.

In light of these allegations, Plaintiff has pled enough facts to state these causes

of action that are plausible on their face.  Consequently, I recommend that Plaintiff's

claims of negligence not be dismissed at this time.

<u>OTHER ISSUES OF CONSTRUCTION</u>

It is appropriate in these Recommendations to address two other issues

regarding Plaintiff's claims.  The first issue is the characterization of Plaintiff's

constitutional claims.  The second issue is his request, found in his Motion to Remand,

that his claims also be construed as a habeas petition.

<u>Section 1983 and *Bivens*</u>

In his complaint, Plaintiff claims violations of his constitutional rights, but does

not identify under what cause of action he seeks to vindicate those rights.  Because of

Plaintiff's *pro se* status, the court will properly characterize them.  The law provides two

mechanisms for vindicating the constitutional rights which Plaintiff claims Defendants

have violated.[4]  First, there is an action under Title 42 United States Code § 1983.  To

---

[4]  Plaintiff's claims under RFRA and RLUIPA are independent causes of action.
*See* 42 U.S.C. § 2000bb-1(c) (Under RFRA, an inmate "may assert ... a claim ... in a
judicial proceeding and obtain appropriate relief against a government."); *see also* 42
U.S.C. § 2000cc-2(a) (Under RLUIPA, an inmate "may assert ... a claim ... in a judicial
(continued...)

establish a claim under § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). By its terms, Section 1983 does not apply to parties acting under color of federal law. *See Wheeldin v. Wheeler*, 373 U.S. 647, 650 n.2 (1963). As discussed above, whether Plaintiff can establish that Defendants were acting under color of state law is unclear but plausible. Consequently, I recommend that Plaintiff's claim of a violation of his First Amendment right as incorporated by the Fourteenth Amendment be construed as a Section 1983 action against Defendants Vaughn and Judd.[5]

If the Court later determines that Defendants were not acting under color of state law, then Plaintiff's remaining option for his constitutional claims is a *Bivens* action. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In fact, in his Motion to Remand, Plaintiff states that this Court may need to construe his claims as being brought under *Bivens*. *Doc. 6* at 2. In *Bivens*, the Supreme Court created a private right of action for damages against federal officers who are alleged to have violated a citizen's rights. *Id.* However, the Defendants in the instant case are not

---

[4] (...continued)
proceeding and obtain appropriate relief against a government).

[5] Plaintiff clarifies in his Motion to Remand that his claims against CCA are limited to the state tort law clauses of action.

federal officers.  At most, they were private individuals and a private corporation acting

under the color of federal law.  Unfortunately for Plaintiff, the Supreme Court has held

that a private corporation acting under the color of federal law is not subject to a *Bivens*

action.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 64 (2001).  So, Plaintiff

cannot maintain such a claim against CCA.  Whether a *Bivens* action can be maintained

against private individuals acting under the color of state law is yet unclear.  *See Peoples*

*v. CCA Detention Centers*, 449 F.3d 1097 (10th Cir. 2006) *vacating in part Peoples v. CCA*

*Detention Centers*, 422 F.3d 1090 (10th Cir. 2005) (which had rejected *Bivens* liability for

private individuals acting under color of law).  At this point in the instant case, it is

sufficient that Plaintiff has a plausible *Bivens* claim against Defendant Vaughn and

Judd.  Consequently, I recommend construing Plaintiff's claim of a violation of his First

Amendment right as bringing a *Bivens* claim against Defendants Vaughn and Judd.

<u>Request for Construction as Section 2241 Claims</u>

At the end of Plaintiff's Motion to Remand, Mr. Kapelioujnyi requests that the

Court construe his claims as a habeas petition brought under 28 U.S.C. § 2241.  *Doc. 6* at

4.  It is well established in this circuit that § 2241 is an improper vehicle for challenges to

the conditions of a prisoner's confinement.  *See e.g., McIntosh v. United States Parole*

*Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).  Instead, "[p]etitions under § 2241 are

used to attack the execution of a sentence," and they "attack[ ] the fact or duration of a

prisoner's confinement and seek[ ] the remedy of immediate release or a shortened

period of confinement." *Id.* at 811-12.  Consequently, while "a § 2241 attack on the

execution of a sentence may challenge some matters that occur at prison, such as

deprivation of good-time credits and other prison disciplinary matters," this is only

permitted in cases where the challenged action "affect[ed] the fact or duration of the

[prisoner's] custody." *Id.* at 811-12.

To challenge conditions of confinement, a federal prisoner generally must seek

relief for alleged constitutional violations by proceeding in a complaint filed under

*Bivens.  See e.g., Leamer v. Fauver*, 288 F.3d 532, 540-44 (3rd Cir. 2002) (detailing Supreme

Court history of distinguishing habeas and civil rights claims).  Thus, as stated above, I

recommend construing Plaintiff's claims pertaining to constitutional violations under

§1983 and *Bivens* and not § 2241.

## MOTION TO REMAND

In his Motion to Remand, Plaintiff contends that the core of his claims focus on

state tort law and arise from non-removable causes of action.  *Doc. 6 at 2.*  Defendants

respond that because Mr. Kapelioujnyi's federal claims are interlocked and interwoven

with his state law claims, and since all his claims involve substantially the same facts,

removal in this case was proper, and Plaintiff's claims should remain in federal court.

*Doc. 8* at 3-4.  The Court addresses each of these arguments below.

## Standard of Review for Removal and Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in state

court of which the federal courts have original jurisdiction.  Section 1331 provides the basis for federal question jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

To determine the presence or absence of federal-question jurisdiction, courts must look to the plaintiff's well-pleaded complaint to determine the plaintiff's statement of his own claims.  *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002); *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986).  The complaint must establish either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  *See Holmes*, 535 U.S. at 830.

<u>Analysis of Removal of Plaintiff's Complaint</u>

As discussed above, Plaintiff has brought a number of claims relying upon federal law.  First, Plaintiff has brought claims under RLUIPA and, in the alternative,

16

under RFRA.  Second, Plaintiff has brought claims based on alleged violations of his rights under the United States Constitution.  If Defendants were acting under state law, these claims are brought under Section 1983.  If Defendants were acting under color of federal law, these claims are brought as a *Bivens* action.  Clearly, this Court has original jurisdiction over these claims.

In addition to the claims based on federal law, Plaintiff has brought claims under the New Mexico Constitution and state tort law.  Congress has granted federal courts supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1441(c) provides that when a federal claim "is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).  Defendants argue that pursuant to these provisions, all of Plaintiff's claims should remain in federal  court.  *See Doc. 8.*  Plaintiff retorts that he summarized his claims for relief in four counts, and that state torts are alleged in all four counts while federal claims are mentioned in only one count.  *Doc. 6* at 2.

The Supreme Court has explained that "a federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law

claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (applying the *Gibbs* standard under § 1367). Here, regardless of how Plaintiff has organized his Complaint, all of his claims arise from Defendants' alleged deprivation of a kosher diet to him.  Thus, all of Plaintiff's claims derive from a common nucleus of operative fact.  As "the master of the claim," Mr. Kapelioujnyi could have avoided federal court jurisdiction "by exclusive reliance on state law."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  However, since Plaintiff chose to incorporate federal question causes of action in his Complaint, his suit became susceptible to removal to federal court.

At this time, I recommend that this Court, in its discretion, should retain the entire case in the interest of "judicial economy, convenience, fairness, and comity." *Gibbs*, 383 U.S. at 726; *cf. Westinghouse Credit Corp. v. Thompson*, 987 F.2d 682, 685 (10th Cir. 1993) ("In cases removed on the basis of [a federal question], whether under section 1441(a) or section 1441(c), the district court may always exercise its discretion to retain the entire case or remand portions based upon the factors set forth in *Gibbs* and recently affirmed in *Carnegie-Mellon*." (internal quotation marks and alteration omitted)).  After receipt of the *Martinez* Report which has been directed in a separate order, the Court

18

may revisit this issue *sua sponte* or upon another motion to remand.  Accordingly, I recommend Plaintiff's Motion to Remand be denied at this time without prejudice.

Wherefore,

IT IS HEREBY RECOMMENDED THAT:

(1)  All claims made against Defendant CCA, except negligent supervision and respondeat superior liability for the negligence of Defendant Vaughn and Judd, be dismissed;

(2)  To the extent that the Plaintiff intended to make any Fourteenth Amendment claim beyond the incorporation of the First Amendment, those claims should be dismissed;

(3)  The RLUIPA claim should not be dismissed, and that the court should construe Plaintiff's Complaint as bringing a RFRA claim in the alternative;

(4)  Plaintiff's claims of negligence, negligent supervision and respondeat superior liability not be dismissed;

(5)  Plaintiff's claim of a violation of his First Amendment right as incorporated by the Fourteenth Amendment be construed as a Section 1983 action against Defendants Vaughn and Judd, and, in the alternative, as a First Amendment *Bivens* claim against Defendants Vaughn and Judd;

(6)  Plaintiff's claims not be construed as a habeas petition under Section 2241.

(7)  Plaintiff's Motion to Remand (*Doc. 6*), be denied without prejudice.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

UNITED STATES MAGISTRATE JUDGE